UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

Plaintiff,

v.                                                          Case No.   25-C-375

BRIAN BEILKE et al.,

Defendants.

---

## DECISION AND ORDER

---

Plaintiff Damien Shontell Hewlett, who is confined at the Waupun Correctional Institution and representing himself, is proceeding on claims based on allegations that corrections officers failed to protect him from himself and that a nurse failed to adequately treat Hewlett's self-inflicted injuries. *See* Dkt. No. 8. On April 16, 2026, Defendant Matthew Barth filed a motion for summary judgment. Dkt. No. 37. On May 22, 2026, Defendants Brian Beilke, Dane Esser, Darren Glover, Jacob Gripentrog, and Alex Winchel (the State Defendants) filed their own motion for summary judgment. Dkt. No. 51. The Court extended Hewlett's deadline to respond to Barth's motion to June 26, 2026, and his deadline to respond to the State Defendants' motion was June 22, 2026. On June 4, 2026, Hewlett filed a motion for sanctions accusing Barth and his counsel of lying and withholding documents and video. On June 22, 2026, Hewlett filed a motion to extend his deadline to respond to Barth and the State Defendants' summary judgment motions to August 25, 2026.

The Court will deny Hewlett's motion for sanctions. Hewlett asserts that Barth and his counsel should be sanctioned because Barth filed photographs and videos in support of his motion for summary judgment that had not been produced in discovery. Barth explains that he obtained

the photographs and video from the State Defendants' counsel after learning that they had been produced to Hewlett. Hewlett therefore possessed the photographs and video long before they were given to Barth. Hewlett's motion for sanctions is frivolous and will be denied.

To the extent Hewlett believes video "contradicts" Barth's assertions, Hewlett may present his arguments in his response to Barth's summary judgment motion. Hewlett's disagreement with Barth's perspective is not an appropriate basis for sanctions. Further, to the extent Hewlett argues the videos have been "altered" because Defendants have redacted portions to protect the privacy of other inmates or staff, Hewlett is advised that such redactions are appropriate as long as the redacted portions do not contain footage relevant to Hewlett's claims. If Hewlett believes the videos have been improperly redacted, he may raise his concerns in a motion identifying the redacted portions by timestamp. If appropriate, the Court will review the unredacted portions of the video *in camera* to confirm no relevant footage has been withheld. Hewlett should refrain from making unnecessary arguments and assumptions about Defendants' motives and succinctly identify the portions of the video that are missing and what he believes the missing video will show in connection with his claims. Hewlett is advised that his arguments are often difficult to understand because of all the unnecessary details and bluster that he includes. The Court will be better able to evaluate and address his concerns if he concisely presents only the relevant facts. Again, to be clear, Defendants are entitled—indeed, obligated—to redact irrelevant footage in order to protect the privacy of other inmates and staff.

The Court will grant Hewlett's motion to extend his deadline to respond to Barth and the State Defendants' motions for summary judgment. Hewlett is encouraged to focus his efforts on preparing his response materials. Given that Defendants' motions have already been pending for

more than two months, the Court will not grant further extensions absent a showing of extraordinary circumstances.

**IT IS THEREFORE ORDERED** that Hewlett's motion for sanctions (Dkt. No. 72) is **DENIED**.

**IT IS FURTHER ORDERED** that Hewlett's motion to extend his deadline to respond to Barth and the State Defendants' motions for summary judgment (Dkt. No. 76) is **GRANTED**. Hewlett's materials in response to the summary judgment motions are due by **August 25, 2026**. If Hewlett does not respond by the deadline, the Court will decide the motions without his input. Further extensions of the deadline will not be granted absent a showing of extraordinary circumstances, regardless of what other motions Hewlett may file in the meantime.

Dated at Green Bay, Wisconsin this 2nd day of July, 2026.

_____
William C. Griesbach
United States District Judge

3